IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG I. SMITH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DELBERT K. MACANO,<br><br>　　　　　Defendant. | CIV. NO. 23-00481 HG-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED WITHOUT PREPAYING FEES |

### FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED WITHOUT PREPAYING FEES

On November 27, 2023, Plaintiff Craig I. Smith filed an *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Application"). ECF No. 2. The Court elects to decide the *Application* without a hearing pursuant to Rule 7.1(d) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. After careful review of the *Application* and relevant law, the Court recommends that the *Application* be **DENIED** for the following reasons.

A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot

pay the court costs and still afford the necessities of life"). In determining IFP status, the Court considers whether the applicant's annual income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2024 Poverty Guidelines. *See* Office of the Assistant Secretary for Planning and Evaluation, Poverty Guidelines, https:// https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Jan. 18, 2024). This threshold is based on the number of persons in the applicant's family or household.

Plaintiff indicates that his gross bi-weekly income is $1,827.20 (net bi-weekly income is $1,333.38), and that he has one dependent, a wife. ECF No. 2 at PageID.5-6. Plaintiff's annual income is approximately $43,852.80 ($1,827.20 x 24), which is above the $23,500.00 poverty guideline for Hawaii households with two members. However, the litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted). The Court thus also considers Plaintiff's expenses. Plaintiff indicates that he has the following financial obligations:

1. Car Payment:          $ 255.00
2. Insurance Allstate:   $  85.00
3. Gas:                  $  50.00
4. Spectrum:             $  85.00
5. Cell:                 $ 100.00
6. Hawaiian Electric     $ 200.00

Plaintiff's total financial obligations are $775.00, and although Plaintiff does not state how often these amounts are paid, the Court finds that they appear to be monthly obligations.  Given that Plaintiff's monthly net income is approximately $2,666.76, Plaintiff is left with $1,891.76 ($2,666.76 - $775.00) of disposable income on a monthly basis after paying his monthly obligations.  Based on this information, the Court cannot find that Plaintiff is unable to pay the required fees in this case.  The Court thus **RECOMMENDS** that the *Application* be **DENIED**.

## CONCLUSION

The Court cannot **FIND** that Plaintiff is unable to pay the required fees and **RECOMMENDS** that the district court:

1)   **DENY** the *Application*, and

2)   **GRANT** Plaintiff leave to (a) pay the filing fee.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 18, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00481 HG-RT;  *Craig I. Smith vs. Delbert K. Macano*;  Findings and Recommendation to Deny Application to Proceed Without Prepaying Fees