IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRAIG I. SMITH,<br><br>     Plaintiff,<br><br> vs.<br><br>DELBERT K. MACANO,<br><br>     Defendant. | CIV. NO. 23-00481 HG-RT<br><br><br>FINDINGS AND<br>RECOMMENDATION TO<br>DISMISS THIS ACTION |

## FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION

On November 27, 2023, pro se Plaintiff Delbert K. Macano ("Plaintiff") initiated this action by filing his *Complaint* along with an *Application to Proceed in District Court Without Prepaying Fees and Costs* ("Application").  ECF Nos. 1 & 2.  On February 5, 2024, the Court denied the *Application*.  ECF No. 8.  As a result, Plaintiff was required to pay the statutory filing fee.

On March 22, 2024, Plaintiff filed a *Motion to Request Payments for Filing Fee of $405.00* ("Motion"), seeking the Court's approval to pay the filing fee in monthly installments of $50.00.  ECF No. 12.  On April 12, 2024, the Court granted in part and denied in part the *Motion*.  ECF No. 13.   The Court granted Plaintiff an extension until May 11, 2024 to pay the filing fee, but denied his request to pay the filing fee in monthly installments.  *Id*.  In its ruling the Court

made clear that "[f]ailure to pay the filing fee by [May 11, 2024] may result in the dismissal of this case." *Id*.

On May 9, 2024, Plaintiff filed a second *Motion to Request More Time to Pay the Filing Fee of $405.00* ("Second Motion"). ECF No. 14. On May 13, 2024, the Court ruled by *Entering Order*. ECF No. 16. Notwithstanding that Plaintiff failed to explain why he was unable to meet the May 11, 2024 deadline or to specify the length of extension sought, the Court exercised its discretion and granted the *Second Motion. Id*. As a result, the Court extended the deadline for Plaintiff to pay the filing fee from May 11, 2024 to May 31, 2024. *Id*. Once again, the Court made clear that "[f]ailure to pay the filing fee by [May 31, 2024] may result in dismissal of this case. *Id*. The Court further advised Plaintiff that "absent good cause, no further extensions will be considered." *Id*.

Per the Court's Certificate of Service, Plaintiff was served a copy of the May 13, 2024 *Entering Order* by First Class Mail, sent to Plaintiff's address of record. ECF No. 16. Because the *Entering Order* was not returned undeliverable, this Court reasonably concludes Plaintiff received the *Order*.

As of June 18, 2024, some 18 days after expiration of the May 31, 2024 deadline, Plaintiff has failed to pay the required filing fee.

## **DISCUSSION**

A district court may dismiss *sua sponte* an action for failure to comply with court rules or orders or to prosecute the action.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  In determining whether dismissal is appropriate, district courts consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the Court's need to manage its docket.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Moreover, allowing this action to sit idle would prejudice unserved defendants.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 991-92 (9th Cir. 1999) ("Plaintiffs' paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal.").  Finally, there are currently no less drastic alternatives available.  The Court recognizes that the public policy favoring disposition of cases on their merits weighs against dismissal.  Nevertheless,

considering the totality of the circumstances and because the other factors favor

dismissal, this factor is outweighed.

## <u>CONCLUSION</u>

As Plaintiff has failed to comply with the Court's *Entering Order* by failing

to pay the required filing fee and based upon its consideration of the above-

referenced factors, this Court **FINDS and RECOMMENDS** the district court

dismiss this action without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 18, 2024.



_____
Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00481 HG-RT; *Craig I. Smith vs. Delbert K. Macano*; Findings and
Recommendation to Dismiss this Action